IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| CHRISTINA CALESTANI, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : CASE NO.: 7:16-cv-71 (WLS) <br> HILTON WORLDWIDE, INC., D/B/A : <br> HILTON BOSTON LOGAN <br> AIRPORT, : <br> : <br> Defendant. : <br> : | |

## **ORDER**

The above-styled case was originally filed on April 26, 2016 in the Superior Court of Lowndes County, Georgia. (Doc. 1-1.) On May 25, 2016, the Defendant Hilton Worldwide (hereinafter "Hilton") filed a Notice of Removal. (Doc. 1.) Because the Court may at any time *sua sponte* consider whether it has subject jurisdiction over a matter, the Court ordered Plaintiff Christina Calestani to file a brief addressing whether removal to federal court is proper under 28 U.S.C. § 1332, specifically addressing whether the amount in controversy exceeds $75,000. (Doc. 5.) Calestani did so on June 17, 2016 (Doc. 9), and Defendant Hilton filed a response on June 30, 2016 (Doc. 10).

**I.    Allegations in the Complaint**

Plaintiff Calestani's original complaint, amended on May 26, 2016 only to include an omitted page, seeks damages resulting from injuries Calestani claims was the result of Defendant Hilton's negligence. (Docs. 1-1; 6.) Calestani's alleged injuries occurred when she collided with a glass wall located in one of Hilton's hotels, allegedly lacerating her left eyelid. (Doc. 1-1.) Calestani seeks $60,000 in damages for medical bills, lost earnings, and pain and suffering as well as reasonable attorney's fees and costs and "such other and further relief as this Honorable Court deems just and proper." (Doc. 1-1 at 7.)

**II.     Discussion**

A court may *sua sponte* consider whether it has subject matter jurisdiction at any point during the pendency of a matter. *Johansen v. Combustion Eng'g, Inc.*, 170 F.3d 1320, 1328 n. 4 (11th Cir. 1999); *Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1352 (11th Cir. 1997) ("The Court *sua sponte* may raise a jurisdiction defect at any time."). A defendant may remove a case from state court within thirty days from when the initial complaint is received by the defendant, or when the case otherwise becomes one over which a federal court would have original jurisdiction. 28 U.S.C. §§ 1441, 1446(b)(1). Subject matter jurisdiction exists by virtue of federal question jurisdiction or diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. In this case, Hilton asserts that the Court has diversity jurisdiction under § 1332.

Diversity jurisdiction exists where all plaintiffs are citizens of different states than all defendants, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. If at any time during the course of the suit's pendency the court lacks jurisdiction, the case must be remanded to the state court from whence it came. 28 U.S.C. § 1447(c). Removal statutes are strictly construed "[b]ecause removal jurisdiction raises significant federalism concerns." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)). "[A]ll doubts about jurisdiction should be resolved in favor of remand to state court." *Id.* (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)). Courts should be mindful that removal is not to be used to gain a tactical advantage by avoiding an inconvenient trial setting. *Weaver v. Miller Elec. Mfg. Co., Inc.*, 616 F. Supp. 683, 687 (S.D. Ala. 1985).

"[J]urisdictional facts are assessed at the time of removal." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 n.12 (11th Cir. 2009). A court may not engage in "impermissible speculation" as to the amount in controversy without any evidence on the value of the claims at issue in a case. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010); *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1220 (11th Cir. 2007). The removing party has the burden to prove facts supporting jurisdiction by a preponderance of the evidence. *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085-86 (11th Cir. 2010) (citing

*McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002)). To satisfy its burden, a defendant advocating removal may introduce extrinsic evidence. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 774-75 (11th Cir. 2010). But the defendant need not introduce evidence when it is "facially apparent" from the complaint that the amount in controversy exceeds the jurisdictional minimum, even if the plaintiff demands an unspecified amount of damages. *Roe*, 613 F.3d 1058, 1061 (11th Cir. 2010) (quoting *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). "[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Id.* at 1062. However, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka*, 608 F.3d at 754.

Here, it is not facially apparent from the Complaint that Calestani seeks more than $75,000 in damages. Rather, Calestani explicitly demands $60,000 for medical bills, loss of earnings, and pain and suffering. (Doc. 1-1 at 7.) Furthermore, in her brief, Calestani asserts that her medical bills totaled less than $4,000. (Doc. 9 at 1.) In its Notice of Removal, Hilton argued that the $60,000 demand does not include any recovery for the continuing and future losses alleged in Calestani's Complaint. (Doc. 1 at 6.) However, Hilton points to zero evidence or even allegations from the Complaint demonstrating how much the damages for these continuing and future losses could be. The Court finds that the $12,500 settlement offer made by Calestani indicates Calestani's valuation of this case and supports the Court's conclusion that the amount of damages sought does and will not exceed $75,000. (Doc. 9-2 at 1.) Where the Complaint specifies on its face a demand for $60,000 in damages, the Court will not engage in pure speculation about how much more the Plaintiff could recover in damages without any evidence before it other than a settlement offer from the Plaintiff that is substantially lower than the $75,000 threshold and even the $60,000 demand.

Hilton also argues that the amount in controversy should include Calestani's demand for attorney's fees. "If attorney's fees are provided for by statute or contract, then a claim for attorney's fees counts towards the amount in controversy." *Byars v. Hartford Cas. Ins. Co.*, No. 4:09-cv-81, 2009 WL 3077128 at *1 (M.D. Ga. Sept. 23, 2009) (citing *Federated Mut. Ins. Co. v.*

3

*McKinnon Motors, LLC*, 329 F.3d 805, 808 n. 4 (11th Cir. 2003); *Graham v. Henegar*, 640 F.2d 732, 736 (5th Cir. Unit A 1981)). Here, there is no contract at issue; therefore, attorney's fees may only be counted towards the amount in controversy if they are provided for by statute. Calestani's Complaint does not specifically cite any statute providing for attorney's fees. Hilton presumes that Calestani seeks attorney's fees under O.C.G.A. § 13-11-63. (Doc. 1 at 7.) O.C.G.A. § 13-11-63 does not exist; rather, the language quoted by Hilton appears in O.C.G.A. § 13-6-11. O.C.G.A. § 13-6-11 provides:

> The expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them.

Though Calestani demands "reasonable attorney's fees and all costs of this action," Calestani has not specially pleaded bad faith, stubborn litigiousness, or unnecessary trouble and expense or even cited O.C.G.A. § 13-6-11. (*See* Doc. 1-1.) Further, Hilton has presented no evidence or suggestion as to why its conduct could trigger recovery under § 13-6-11. Hilton avers that this litigation, through trial, could cost Calestani up to $50,000 in attorney's fees. In support of this argument, Hilton provides an affidavit from one of its attorneys, P. Shane O'Neill. In this affidavit, O'Neill does not state with certainty what Calestani's counsel's hourly rate is. (Doc. 1-2.) Rather, O'Neill calculates, based on his own hourly rate of $250, that Calestani's attorney's fees will exceed $50,000. (*Id.* at 3.) O'Neill provides no basis for his belief that this case will require Calestani's counsel to spend 200 hours litigating. (*Id.*) The Court finds that Hilton has not met its burden in establishing that Calestani could recover under § 13-6-11 at all, much less that any such recovery would increase the amount in controversy so that it exceeds $75,000. *Nelson v. GPI GA-DM, LLC*, No. CV 115-169, 2016 WL 552396 at *2 (S.D. Ga. Feb. 10, 2016) (considering a similar argument regarding § 13-6-11). Again, the Court finds Calestani's settlement offer persuasive insofar as it indicates Calestani's willingness to avoid trial, which would limit attorney's fees and the possibility of recovery § 13-6-11.

The Court finds that Defendant Hilton, the removing party, has not met its burden in establishing that the amount in controversy in this action exceeds $75,000. The Court lacks subject matter jurisdiction under 28 U.S.C. § 1332. The Court therefore **REMANDS** this case to the Superior Court of Lowndes County, Georgia.

**SO ORDERED**, this 1st day of July, 2016.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**